United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARAY TAQWAIN MORRIS,

    Petitioner,

v.

ROBERTO A. ARIAS,

    Respondent.

Case No. 25-cv-05395-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner Taray Taqwain Morris has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges the same state court judgment he challenged in a prior habeas action that he filed in this district, *Morris v. Malfi*, No. 06-cv-07409-SI. The instant petition will be dismissed as second or successive to the prior petition.

The Clerk shall enter Roberto A. Arias, the warden of the prison in which petitioner is housed, as the sole respondent in this action. Arias is the sole proper respondent because he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

## BACKGROUND

The first habeas petition was denied on the merits. (*Morris*, No. 06-cv-07409, Dkt. No. 49.) Morris appealed, but the Ninth Circuit Court of Appeals affirmed the decision of the district court and denied his request for a rehearing en banc. (*Id.*, Dkt. Nos. 57, 59.) The United States Supreme Court denied his petition for writ of certiorari and his petition for a rehearing. (Dkt. Nos. 61 and 62.)

The prior petition and the one pending now are challenges to the 2004 California state criminal judgment imposed in the Monterey County Superior Court (State Case No. SS040930) pursuant to a plea agreement. Morris pleaded guilty to one felony count of being an inmate in possession of a deadly weapon (Cal. Penal Code § 4502) and one count of felony assault with force likely to produce great bodily injury (§ 245(a)(1)). (*Morris v. Malfi*, No. 06-cv-07409, Order Denying Petition, Dkt. No. 30-1 at 7.) He also admitted the charged enhancing allegations and the charged prior prison terms, and was sentenced under California's Three Strikes Law to a state prison term of 25 years to life, consecutive to the terms he already was serving. (*Id.*)

## DISCUSSION

The pending petition is barred by the rule against filing a second or successive petition. As noted, Morris has filed at least one previous federal petition regarding the same state court judgment challenged in the pending petition. In order to file a second or successive petition, Morris must obtain an order from the Ninth Circuit Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, a district court lacks jurisdiction over the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Because Morris has not shown that he has received such authorization, the pending petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals. Accordingly, the petition is DISMISSED.

**CONCLUSION**

The pending petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter Roberto A. Arias as the respondent.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:**  August 5, 2025



WILLIAM H. ORRICK
United States District Judge